UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN PEREZ-ROBLES,<br><br>   Petitioner,<br><br>   v.<br><br>GLEN PRATT,<br><br>   Respondent. | No. 2:23-cv-03044 DJC SCR P<br><br>FINDINGS & RECOMMENDATIONS |

   Petitioner, a state prisoner proceeding through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) The petition was filed on December 29, 2023, and petitioner noted therein he was still awaiting resentencing by the superior court on the convictions at issue, as ordered by the state appellate court on appeal. (Id. at 4.) The petition asserts the resentencing will not affect the convictions or the federal constitutional arguments presented in the petition. (Id.)

   Respondent moved to dismiss the petition, arguing the court should abstain from proceeding under Younger v. Harris, 401 U.S. 37, 43-54 (1971). (ECF No. 10.) Petitioner did not oppose the motion to dismiss, stating "[p]etitioner has no objection to respondent's motion to dismiss, provided that the dismissal is without prejudice to timely refiling of the Petition after the state resentencing proceedings are complete." (ECF No. 12 at 1.)

Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger, 401 U.S. at43-54. Younger abstention is required when (1) state proceedings, judicial in nature, are pending; (2) state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir. 1986); Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982).

The first prong of Younger is met because petitioner was awaiting resentencing in state court when he filed the present petition. The pendency of the state proceedings is determined at the time the federal petition is filed. See Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988). In addition, the second prong of Younger is met because an important state interest is implicated in petitioner's criminal resentencing proceeding. See Kelly v. Robinson, 479 U.S. 36, 49 (1986).

However, the third part of Younger's test is not satisfied. See Duke v. Gastelo, 64 F.4th 1088, 1095-96 (9th Cir. 2023). "Properly framed, the third requirement for Younger abstention asks whether there remains an opportunity to litigate the federal claim in a state-court proceeding at the time the federal court is considering whether to abstain." Id. at 1096.

Respondent does not argue an opportunity to litigate any of the federal claims remains in state court. To the contrary, it appears the resentencing will not affect petitioner's convictions or the federal constitutional arguments presented, as alleged in the petition. Because respondent fails to show the requirements for Younger abstention are met, the undersigned recommends denying the motion to dismiss and proceeding to the merits of the petition notwithstanding petitioner's indicated non-opposition.[1]

---

[1] If requiring petitioner to proceed on his constitutional claims at this time could result in hardship or inequity to petitioner, then petitioner, who is represented by counsel, can request a stay under the court's discretionary power to stay these proceedings. See Duke, 64 F.4th 1099 (concluding that denial of a requested stay "unnecessarily created a significant risk that Duke would lose his one chance for federal review of his constitutional claims."); Landis v. North American Co., 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

In accordance with the above, IT IS RECOMMENDED as follows:

1. Respondent's motion to dismiss (ECF No. 10) be denied.
2. Respondent be ordered to file an answer to the habeas petition within sixty days from the date of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE